# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL EDWARD LINDQUIST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 14-CV-0692-CVE-TLW |
| ) | |
| JOHN DAVIS, Sheriff, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On November 18, 2014, Petitioner, a prisoner presently in custody at the Creek County Jail and appearing pro se, filed a petition for writ of habeas corpus (Dkt. # 1), along with a supporting brief (Dkt. # 2). Petitioner challenges proceedings presently pending in Creek County District Court, Case No. CF-2000-450. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus for failure to exhaust state remedies (Dkt. # 7). Petitioner filed a response to the motion (Dkt. # 10). For the reasons discussed below, the Court finds Respondent's motion shall be granted in part and denied in part. Several of Petitioner's claims are unexhausted and shall be dismissed without prejudice. The remaining claims are either moot or not cognizable on habeas corpus review and shall be denied on those bases.

As a preliminary matter, the Court notes that, on January 20, 2015, Petitioner filed a "motion to quash defendant's summary motion to dismiss" (Dkt. # 9). Respondent did not file a response to Petitioner's motion. Petitioner, in effect, requests that the Court strike Respondent's motion to dismiss because it was filed one day beyond the deadline established by the Court. Petitioner is correct that the motion was filed one day late. Respondent offers no explanation for his failure to file the motion to dismiss by the deadline nor does he offer an explanation for his failure to seek an

extension of time. All parties are expected to comply with deadlines established by the Court. Nonetheless, the Court declines to strike the motion to dismiss as requested by Petitioner. Respondent shall insure that all future filings in this Court comply with the Court's directives.

Petitioner has also filed a "motion for hearing" (Dkt. # 12) and a "motion for next-friend representation" (Dkt. # 14). Those motions shall be declared moot.

## BACKGROUND

In his petition (Dkt. # 1), Petitioner challenges proceedings presently pending in Creek County District Court, Case No. CF-2000-450. Respondent asserts that, in 2001, Petitioner was convicted, on his pleas of guilty, of "four counts of child sexual offenses committed against his minor step-daughter." (Dkt. # 8 at 2). Although Respondent fails to provide any state court record to explain the procedural history of Petitioner's case, the Court has reviewed the docket sheet for Creek County District Court, Case No. CF-2000-450, viewed at www.odcr.com. That docket sheet reflects that, on May 1, 2001, Petitioner was found guilty on his pleas of guilty, after former conviction of two prior felonies, and was sentenced to 27 years imprisonment on each of the 4 counts, to be served concurrently. Petitioner did not file a timely motion to withdraw his guilty pleas and did not otherwise perfect a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA).

Although Petitioner filed several motions in the state district court in March, 2002, the state district court took no action until November 25, 2013, when Petitioner filed an application for post-conviction relief and a motion to withdraw plea out of time. On August 21, 2014, the state district court held a hearing on Petitioner's application for post-conviction relief. At that hearing, the State

2

confessed the application for post-conviction relief and the case was set for non-jury trial.[1]
Thereafter, an attorney from the Oklahoma Indigent Defense System (OIDS) was appointed to represent Petitioner. As of December 23, 2014, when Respondent filed his brief in support of the motion to dismiss, Petitioner's case was set for motion hearing on January 22, 2015. On February 11, 2015, Petitioner filed an "Update to Court after January 22, 2015 Hearing in Creek County Court" (Dkt. # 13). Petitioner advises that the hearing was held to resolve discovery issues. The docket sheet for Case No. CF-2000-450 confirms that proceedings remain pending at this time.

On November 18, 2014, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). He identifies seven grounds of error, as follows:

> Ground 1:   Speedy trial violation.
>
> Ground 2:   Miranda violation.
>
> Ground 3:   Denial of access to courts.
>
> Ground 4:   Double jeopardy violations.
>
> Ground 5:   Ineffective assistance of counsel.
>
> Ground 6:   District court has no further jurisdiction.
>
> Ground 7:   Brady violations.

(Dkt. # 1). In response to the petition, Respondent filed a motion to dismiss for failure to exhaust state remedies (Dkt. # 7). Petitioner filed a response (Dkt. # 10), conceding that he has not exhausted state remedies, but alleging that exhaustion would be futile. (Dkt. # 10).

---

[1] In his brief in support of the motion to dismiss, Respondent asserts that Petitioner was granted post-conviction relief in Case No. CF-2000-450 based on his claim that "he was not advised by his attorney, district attorney or the trial court that 85% of the time of incarceration in the plea bargain (*i.e.*, 27 years) had to be served prior to eligibility for parole." (Dkt. # 8 at 2).

*ANALYSIS*

In response to Respondent's motion to dismiss, Petitioner asserts that "the Federal Court is his only recourse." (Dkt. # 10 at 2). Petitioner is advised that intervention by this Court in resolving criminal charges presently pending in state court or in otherwise preventing the State of Oklahoma from prosecuting the charges is impermissible. As a result, the petition is subject to dismissal because pretrial habeas corpus is not available to prevent a prosecution in state court. See Capps v. Sullivan, 13 F.3d 350, 353 (10th Cir. 1993). Furthermore, and as discussed in more detail below, Petitioner is advised that any claim based on violations of due process, ineffective assistance of counsel, or double jeopardy should be raised during the state criminal proceeding and, if he is convicted, on direct appeal, not via federal habeas corpus during the pendency of the state court action.

**A. Grounds 1, 2, and part of 5 are moot**

As his first proposition of error, Petitioner refers to events occurring in the 2000-2001 time period and alleges he was deprived of his right to a speedy trial. See Dkt. # 2 at 7- 11. As his second proposition of error, Petitioner alleges that statements he made during custodial interrogation in 2000 before he was advised of his rights under Miranda[2] were used against him during his 2000-2001 criminal proceeding. Id. at 11-13. As part of Ground 5, Petitioner claims that during his pretrial and plea proceedings in 2000-2001, he was deprived of the effective assistance of counsel. Id. at 17-18. The Court finds that any claim challenging the validity of Petitioner's guilty pleas entered in 2001 is now moot as a result of the district court's decision to grant post-conviction relief and set the case for a new trial. For that reason Grounds 1, 2, and the ineffective assistance of

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

counsel claim based on representation provided in 2001 raised in Ground 5 are all moot and shall be denied on that basis.

**B. Ground 3 is not cognizable on habeas corpus review**

As his third ground of error, Petitioner claims that during the 2000-2001 time period, while he was in custody at the old Creek County Jail, there was no law library. (Dkt. # 2 at 13). He also claims that he has been denied access to law library during his current incarceration at the new Creek County Jail from 2014-to date. Id. at 13-15. Petitioner's Ground 3 claims attacks a condition of confinement rather than the fact or duration of his confinement. Cf. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997) (outlining distinctions between condition of confinement claims which are brought under civil rights laws and claims appropriately brought through habeas corpus proceedings); Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980) (implying habeas corpus is an inappropriate jurisdictional basis for an action seeking access to an adequate law library). Petitioner's claim raised in Ground 3, that he has been denied his right to access the courts by being deprived of access to a law library, is not cognizable on habeas corpus review and, for that reason, shall be denied.

**C. Grounds 4, 6, 7, and part of 5 are unexhausted**

In Ground 4, Petitioner claims that "further proceedings violate his Constitutional Right against Double Jeopardy." (Dkt. # 2 at 17). In a related claim raised in Ground 6, Petitioner alleges that because retrial and/or resentencing will result in a double jeopardy violation, the state district court lacks jurisdiction to proceed with his retrial. Id. at 18-19. As his seventh proposition of error, Petitioner alleges that State has "conveniently lost" evidence and is violating Brady v. Maryland, 373 U.S. 83 (1963) (holding that "the suppression by the prosecution of evidence favorable to an

5

accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). Id. at 19. As part of Ground 5, Petitioner alleges that his current attorney is providing ineffective assistance of counsel. Id. at 17-18. In all of those claims, Petitioner seeks relief from the non-jury trial proceedings presently pending in Creek County District Court. Therefore, those grounds shall be adjudicated as pretrial habeas corpus claims under 28 U.S.C. § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000).

This Court cannot grant habeas corpus relief on those claims unless Petitioner demonstrates that he has exhausted available remedies in the Oklahoma courts, or that pursuit of such remedies would be futile. See Montez, 208 F.3d at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). In other words, before seeking federal habeas corpus relief, Petitioner must first present any constitutional claim to the state courts of Oklahoma. The exhaustion doctrine is "'principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" Harris v. Champion, 15 F.3d 1538, 1554 (10th Cir. 1994) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

In this case, the Court agrees with Respondent that Petitioner has not fairly presented his pretrial habeas claims to the OCCA. Petitioner has an available remedy: should he present the pretrial issues to the state district court and that court denies relief, he may file a petition for writ of mandamus or prohibition in the OCCA. Or, he may preserve the issues by objecting in the trial court and, should he be convicted at the conclusion of his non-jury trial, he may then file a direct appeal to the OCCA to exhaust state remedies. Once he has exhausted state remedies by presenting

6

his claims to the OCCA on direct appeal, he may return to this Court to challenge his convictions under 28 U.S.C. § 2254.

In summary, the Court finds Petitioner's pretrial habeas claims are unexhausted and those claims must be dismissed without prejudice.

### Certificate of Appealability

A petitioner seeking relief under either § 2254 and § 2241 is required to obtain a certificate of appealability (COA) to appeal a final order. 28 U.S.C. § 2253(c)(1)(A); Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241). Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Petitioner cannot satisfy the second prong of the required showing, i.e., that the Court's rulings resulting in the dismissal of the grounds raised in the petition for failure to exhaust state court

remedies, or as moot, or as not cognizable are debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve this matter differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Petitioner's "motion to quash defendant's summary motion to dismiss" (Dkt. # 9) is **denied**.

2. Respondent's motion to dismiss for failure to exhaust state remedies (Dkt. # 7) is **granted in part** and **denied in part**, as follows:

   a. Respondent's motion to dismiss is **granted** as to Grounds 4, 6, 7, and part of 5. Those ground are **dismissed without prejudice** for failure to exhaust state court remedies.

   b. Respondent's motion to dismiss is **denied** as to Grounds 1, 2, 3, and part of 5.

3. Grounds 1, 2, and part of 5 are **dismissed as moot**.

4. Ground 3 is not cognizable on habeas corpus review and is **dismissed without prejudice**.

5. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice**.

6. This is a final Order terminating this action.

7. All pending motions are **declared moot**.

8. A certificate of appealability is **denied**.

**DATED** this 19th day of February, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE